UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YASMINA LAHLOU,<br><br>   Plaintiff,<br><br> -against-<br><br>BELLATORRA SKIN CARE, LLC,<br>NATHAN HALSEY, AND EVA BOWEN<br><br>   Defendants. | Case No.:<br><br>**<u>COMPLAINT</u>**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YASMINA LAHLOU ("Ms. Lahlou"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against BELLATORRA SKIN CARE, LLC ("Defendant Bellatorra" or the "Company") and NATHAN HALSEY ("Defendant Halsey") and EVA BOWEN ("Defendant Bowen") (the "Individual Defendants") (together with the Company, "Defendants") as follows:

## <u>NATURE OF THE ACTION</u>

1. This action arises from Defendants' discriminatory and retaliatory conduct against Ms. Lahlou based on her disability, gender and/or pregnancy.

2. Plaintiff brings this action pursuant to the American with Disabilities Act Amendments Act, 42 U.S.C § 12111 *et seq.* (ADAAA)*,* Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000 *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 1981A (Title VII), and New York City Human Rights Law, the Administrative Code of the City of New York §§ 8-101 *et seq.* (City Law), to remedy Defendants' failure to accommodate her disability and pregnancy and termination of her employment based on her disability and pregnancy and/or in retaliation for her requesting reasonable accommodations.  Defendants committed these

unlawful acts intentionally and willfully, with knowledge that they were violating the ADAAA, Title VII and City Law and that Plaintiff would be economically injured.

3.      Legal relief is sought pursuant to the ADAAA, Title VII and City Law.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

5.      Supplemental jurisdiction over Plaintiff's City Law claims is conferred by 28 U.S.C. § 1367(a). Plaintiff was employed by Defendants in the City of New York.

6.      Venue is proper in this District under 28 U.S.C. § 1367(b) and (c) in that Defendant Bellatorra conducts business in this District and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

7.      Plaintiff has satisfied all jurisdictional prerequisites under the ADAAA and Title VII.  Prior to filing this Complaint, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and on December 28, 2017 received a Notice of Right to Sue from the EEOC, thereby giving Plaintiff the right to proceed in federal court and conferring jurisdiction upon this Court.

8.      Pursuant to §8-502(c) of the City Law, within ten (10) days of filing this Complaint, Plaintiff shall serve a copy of this Complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

## THE PARTIES

### *Plaintiff*

9.      Ms. Lahlou is an adult individual who resides in the State of New York, County of Queens.

10.     Ms. Lahlou was employed by Defendants as a Business Manager from on or about August 2015 to October 12, 2016.

11.     Ms. Lahlou worked at the Company's beauty counter located at Barneys New York, 660 Madison Avenue, New York, New York 10065 (the "Midtown Location").

12.     Ms. Lahlou was at all times material hereto an "employee" within the meaning of the ADAAA, Title VII and City Law.

### *Defendants*

13.     Upon information and belief, Defendant Bellatora is a corporation organized and existing under the laws of the State of Texas, which maintains a principal place of business at 2301 Cedar Springs Road, Suite 540, Dallas, Texas 75201.

14.     Defendant Bellatora conducts business at the Barneys Midtown Location and 101 Seventh Avenue, New York, New York (the "Downtown Location").

15.     Defendant Nathan Halsey is the Chairman and Chief Executive Officer of Defendant Bellatorra.

16.     Defendant Halsey maintained the authority to make and/or personally implement personnel decisions, such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the City Law.

17.     Defendant Bowen is the Vice President of Sales for Defendant Bellatorra.

18.     Defendant Bowen maintained the authority to make and/or personally implement personnel decisions, such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the City Law.

19.     The Individual Defendants may be held individually liable under City Law in their capacity as "employees" and/or "agents" of the Company.

20.     At all relevant times hereto, Defendants have continuously been doing business in the City of New York and have continuously employed 15 or more employees for each working day in each of the twenty (20) or more calendar weeks in the current and preceding calendar year and accordingly are "employers" within the definition of the ADAAA and Title VII.

21.     At all relevant times hereto, Defendants have continuously employed (4) or more people and accordingly are employers within the definition of City Law.

## FACTUAL ALLEGATIONS

22.     On or about August 2015, Defendants hired Ms. Lahlou to work as a Business Manager at the Bellatorra counter at Barneys Midtown Location.

23.     Ms. Lahlou's primary job duties included, but were not limited to, launching the Bellatorra product line, conducting sales, building a client base, and managing the Bellatora counter at the Barneys Midtown Location.

24.     Throughout her employment, Ms. Lahlou was qualified for her position, consistently met Defendants' legitimate performance expectations, and satisfactorily carried out her job duties.

25.     Prior to joining the Company, Ms. Lahlou worked as a salesperson for various fragrance, makeup, and skin care brands at Barneys New York, where she earned significant praise from clients and distinction among her peers for her strong work performance.

26.     On or about August 2016, Ms. Lahlou conceived a child and began experiencing first trimester morning sickness, including nausea, light-headedness, and weakness.

27.     Despite her condition, Ms. Lahlou persevered in performing her job duties and ensured the continued success of the Company's product line.

28.     On September 27, 2016, Ms. Lahlou's pregnancy symptoms intensified, causing her to spend the night in a hospital emergency room.

29.     While in the emergency room, a doctor advised Ms. Lahlou that her blood pressure was very high and that she needed to rest and visit her primary care doctor for a follow-up.

30.     On September 28th, Ms. Lahlou's husband informed her supervisor, Defendant Bowen, that Ms. Lahou has been in the emergency room the prior night and would not be able to report to work that day.

31.     That same day, Ms. Lahlou visited her primary care doctor, who prescribed one (1) week of rest and advised Ms. Lahlou to refrain from stress-inducing activities.

32.     During this time, Ms. Lahlou's blood pressure remained high and Ms. Lahou was still experiencing severe pregnancy-related symptoms.

33.     Ms. Lahlou emailed Defendant Bowen her doctor's note prescribing one (1) week of rest through October 3rd.

34.     Ms. Lahlou returned to work on her next scheduled work day, October 5th, when she received a call from Defendant Bowen inquiring as to why she had called out of work for one (1) week.

35.     Ms. Lahlou informed Defendant Bowen that she was sick due to pregnancy.

36.     Defendant Bowen was palpably distant and annoyed to learn of Ms. Lahlou's news.

37.     While at work on October 5th, Ms. Lahlou vomited several times in the rest room.

5

38.      Despite being ill, Ms. Lahlou finished her shift because she did not want to leave the counter unattended.

39.      After her shift, Ms. Lahlou visited her primary care doctor, who again prescribed one (1) week of bed rest and advised Ms. Lahlou to visit her gynecologist as a follow-up.

40.      When Ms. Lahlou did as advised, her gynecologist determined that Ms. Lahlou's pregnancy symptoms were severe and confirmed that bed rest was necessary.

41.      Ms. Lahlou emailed Defendant Bowen a second doctor's note prescribing bed rest through October 11th.

42.      Defendant Bowen did not respond to Ms. Lahlou's email.

43.      Upon Ms. Lahlou's return to work on October 12th, Defendant Bowen demanded that Ms. Lahlou meet her for coffee at a local restaurant.

44.      When Ms. Lahlou arrived at the restaurant, Defendant Bowen summarily terminated her employment, falsely alleging that the Company was restructuring and eliminating Ms. Lahlou's position.

45.      Shocked and saddened, Ms. Lahlou reminded Defendant Bowen about all she had done to launch the Company's product line and asked whether the reason for her termination was her pregnancy.

46.      Defendant Bowen became irate, demanding that Ms. Lahlou leave immediately and forbidding Ms. Lahlou from returning to the counter to obtain her personal belongings.

47.      Having left many personal effects at the counter, Ms. Lahlou returned to the counter.

48.     There she was met by a Barneys department manager who hovered over her every move as though she was a criminal—humiliating and embarrassing her in front of clients and other Barneys employees.

49.     Defendant Bowen showed up a short while later and also scrutinized Ms. Lahlou and sifted through Ms. Lahlou's personal items.

50.     Shortly thereafter Ms. Lahlou exited the store in tears.

51.     Based on the foregoing, Defendants' termination of Ms. Lahlou occurred under circumstances giving rise to an inference of disability and pregnancy (gender) discrimination and/or in retaliation for her requesting a reasonable accommodation.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Disability**
**in Violation of the ADAAA**
**against Defendant Bellatorra)**

52.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

53.     Plaintiff suffered from a disability that is covered by the ADAAA (severe pregnancy-related illness).

54.     Defendant Bellatorra knew of Plaintiff's disability.

55.     Defendant Bellatora discriminated against Plaintiff because of her disability by failing to offer her a reasonable accommodation and by terminating her employment, in violation of the ADAAA.

56.     Defendant Bellatorra knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

57.     As a proximate result of Defendant Bellatora's discriminatory practices, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental

7

anguish, humiliation, and damage to her reputation, unless and until this Court grants the relief hereinafter described.

## SECOND CAUSE OF ACTION
### (Retaliation Based on Plaintiff's Requests for Disability Accommodations, in Violation of the ADAAA against Defendant Bellatorra)

58.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

59.     By the acts and practices described above, Defendant Bellatorra retaliated against Plaintiff by terminating her employment because she requested reasonable accommodations for her disability, in violation of the ADAAA.

60.     Defendant Bellatorra knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

61.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant Bellatora's retaliatory practices, unless and until this Court grants the relief hereinafter described.

## THIRD CAUSE OF ACTION
### (Discrimination Basis of Gender/Pregnancy in Violation of Title VII against Defendant Bellatorra)

62.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

63.     By the acts and practices described above, Defendant Bellatorra discriminated against Plaintiff by terminating her employment on the basis of her gender/pregnancy, in violation of the Title VII.

64.     Defendant Bellatorra knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

65.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant Bellatorra's discriminatory practices, unless and until this Court grants the relief hereinafter described.

### FOURTH CAUSE OF ACTION
**(Discrimination Based on Disability
in Violation of City Law
against all Defendants)**

66.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

67.     Plaintiff suffered from a disability that is covered by City Law (severe pregnancy-related illness).

68.     Defendants knew of Plaintiff's disability.

69.     Defendants discriminated against Plaintiff because of her disability by failing to offer her a reasonable accommodation and by terminating her employment in violation of the City Law.

70.     Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

71.     As a proximate result of Defendants' discriminatory practices, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation, unless and until this Court grants the relief hereinafter described.

**FIFTH CAUSE OF ACTION**
**(Discrimination Basis of Gender/Pregnancy**
**in Violation of City Law**
**against all Defendants)**

72.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

73.    By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of her gender/pregnancy by failing to offer her a reasonable accommodation and by terminating her employment in violation of City Law.

74.    Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

75.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**SIXTH CAUSE OF ACTION**
**(Retaliation Based on Plaintiff's Requests for Disability Accommodations**
**in Violation of City Law**
**against all Defendants)**

76.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

77.    By the acts and practices described above, Defendants retaliated against Plaintiff in violation of City Law by terminating her employment because she requested reasonable accommodations for her disability.

78.    Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

10

79.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### SEVENTH CAUSE OF ACTION
**(Retaliation Based on Plaintiff's Requests for Pregnancy Accommodations
in Violation of the City Law
against all Defendants)**

80.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

81.    By the acts and practices described above, Defendants retaliated against Plaintiff in violation of City Law by terminating her employment because she requested reasonable accommodations for her pregnancy.

82.    Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

83.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A.    Compensatory, punitive, mental anguish, pain and suffering damages

   sustained as a result of Defendants' discriminatory and retaliatory conduct;

B.    Prejudgment Interest;

11

C.  Back Pay, Front Pay, and damages for all employment benefits Plaintiff

would have received but for the discriminatory and retaliatory acts and

practices of Defendants;

D.  Plaintiff's costs and reasonable attorneys' fees; and

E.  Any relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief to which she has a right

to a jury trial.

Dated: February 23, 2018
       New York, New York

Respectfully submitted,

Liane Fisher, Esq. (LF-5708)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*